# Exhibit "C"

6605513v.1

SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY

-------------------------------------------------------------------- x

EDUARDO LI;

                Plaintiff,

         v.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, AXIS SPECIALTY EUROPE SE;

                Defendants.

-------------------------------------------------------------------- x

Index No.:

Date Purchased:

**SUMMONS**

Plaintiff designates Kings County as the place of trial.

Venue is proper pursuant to C.P.L.R. § 503.

TO THE ABOVE-NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 24, 2015

                      KASOWITZ, BENSON, TORRES
                         & FRIEDMAN LLP

                By:    /s/ Robin Cohen
                     Robin L. Cohen, Esq.
                     (rcohen@kasowitz.com)
                     Burt Garson, Esq.
                     (bgarson@kasowitz.com)

                     *Attorneys for Plaintiff*
                     1633 Broadway
                     New York, New York 10019
                     Tel: (212) 506-1700

TO: Graham West
   Lloyd's Versicherer
   Zweigniederlassung Zurich
   Seefeldstrasse 7
   8008 Zurich
   Switzerland
   Tel: + 41 1 261 33 10

   *and*

   The Mandataire General for Switzerland
   Seefeldstrasse 7
   8008 Zurich
   Switzerland

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

|  |  |
|---|---|
| EDUARDO LI; | Index No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, AXIS SPECIALTY EUROPE SE; | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| Defendants. | |

Plaintiff Eduardo Li ("Plaintiff"), for his complaint against Defendants Certain Underwriters at Lloyd's, London, and Axis Specialty Europe SE (collectively, "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This action for breach of contract and declaratory judgment arises out of Defendants' denial of their obligations under a directors and officers legal liability insurance policy to indemnify Plaintiff and pay for his costs of defense and investigation in connection with an indictment issued by the Grand Jury for the Eastern District of New York (the "Indictment"), and a related request by the United States Government to the Swiss authorities to extradite Plaintiff to the United States to stand trial ("Request for Extradition").

2. As set forth in the Indictment and Request for Extradition, Plaintiff was accused of various illegal actions in connection with his position as an officer of Federation Internationale de Football Association ("FIFA"), the international body that governs organized football, known in the United States as "soccer".

3. FIFA had purchased an insurance policy from Defendants specifically to provide protection to its present, former, and future officers and directors with respect to claims against

them alleging actual or alleged wrongful acts, and to pay for liability and costs incurred in connection with the defense of such claims, including costs incurred in defending criminal actions and investigations, in addition to extradition costs.

4. Despite receiving substantial premiums as consideration for issuing this insurance policy, Defendants have refused to defend Plaintiff or pay his defense costs in connection with the Indictment and Request for Extradition. This action therefore seeks damages based upon Defendants' breaches of contract to provide insurance coverage to Plaintiff in connection with the Indictment and Request for Extradition.

5. This action also seeks a declaration of the obligations of Defendants to provide indemnification for costs, including criminal defense costs, investigation costs, and extradition costs, incurred by Plaintiff in connection with the continuing criminal prosecution of Plaintiff, which was commenced with the Indictment and Request for Extradition.

## **PARTIES**

6. Plaintiff Eduardo Li is a citizen of Costa Rica who was a FIFA officer appointed to be a member of FIFA's executive committee. He also served as a member of various FIFA management bodies and supervisory bodies, including standing committees.

7. Underwriters at Lloyd's, London, Syndicates 2987, 1919, 1886, and Certain Lloyd's Underwriters per Lloyd's Consortium 9860 (collectively, "Underwriters") are underwriters subscribing to Directors and Officers Legal Liability Policy No. LI1413318 (the "Policy"). Upon information and belief, Underwriters, at all material times, have conducted substantial business within the State of New York, including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders or activities located in New York.

8. AXIS Specialty Europe SE ("AXIS") is an insurer subscribing to the Policy. Upon information and belief, AXIS is domiciled in Ireland. Upon information and belief, AXIS, at all

2

material times, has conducted substantial business within the State of New York, including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders or activities located in New York.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. § 301 and N.Y. C.P.L.R. § 302 because, upon information and belief, all Defendants (i) have engaged in the business of selling insurance and investigating claims in New York; (ii) have issued policies that cover policyholders and activities located in New York; (iii) have contracted to supply services in New York; (iv) have issued the Policy providing worldwide coverage, including in connection with claims arising out of New York; and (v) this action arises out of Plaintiff's claim for coverage under the Policy in connection with the Indictment issued by a federal grand jury sitting in New York and a related arrest warrant and Request for Extradition issued in New York.

10. Venue is proper in the Supreme Court of New York, Kings County, pursuant to N.Y. C.P.L.R. § 503, because none of the parties reside in New York State.

## FACTUAL ALLEGATIONS

**I.   THE POLICY**

11. Defendants sold the Policy to FIFA to provide worldwide coverage for persons, including but not limited to present, former and future FIFA presidents, vice-presidents, members of FIFA's executive committee, management bodies, supervisory boards, members of FIFA standing committees, and employees ("Insured Persons"). The Policy provides coverage for liability and costs incurred by an Insured Person in connection with the defense of any action, including criminal defense costs, investigation costs, and extradition costs, arising out of a claim that an Insured Person allegedly committed a wrongful act while acting in a managerial or supervisory capacity for FIFA, or a claim naming the Insured Person as a co-defendant with a President, Vice-President or Member of FIFA.

12. FIFA paid in excess of $270,437 in premiums to purchase the Policy, which covered the period from December 30, 2014 to December 30, 2015.

13. The Policy provides a $50,000,000 limit of liability for each and every loss and in the annual aggregate, including costs and expenses.

14. The Policy provides that Defendants shall pay all sums for which any Insured Person is held liable in connection with financial losses arising out of wrongful acts.

15. The Policy provides that Defendants shall pay defense costs incurred by an Insured Person to defend any actual or alleged wrongful acts as well as investigation costs.

16. The Policy provides that Defendants shall pay costs incurred by an Insured Person, including legal fees, costs and expenses, in connection with extradition proceedings.

17. The Policy provides that Defendants shall pay defense costs incurred by an Insured Person in connection with criminal or investigative proceedings, or proceedings concerning the infringement of regulations or of disciplinary law or codes of professional conduct.

## II.    THE INDICTMENT AND REQUEST FOR EXTRADITION

18. On May 20, 2015, a federal grand jury in the Eastern District of New York returned a forty-seven count Indictment against fourteen individual defendants, including Plaintiff, alleging various crimes, affecting and occurring, in part, in the United States and committed by individuals employed or associated with FIFA.

19. Several of Plaintiff's co-defendants named in the Indictment were alleged to have served as FIFA vice-presidents.

20. Plaintiff and several of Plaintiff's co-defendants named in the Indictment were alleged to have served as members on the FIFA executive committee.

21. The Indictment alleges five separate counts against Plaintiff, and claims that Plaintiff, while a FIFA official, used his positions within organized football to obtain bribes and

kickback payments in connection with the sale of commercial rights to FIFA World Cup qualifying matches.

22. Count 1 of the Indictment charges Plaintiff with racketeering conspiracy, in violation of Title 18, United States Code Sections 1962(d), 1963 and 3551 et seq., commonly referred to as the Racketeer Influenced and Corrupt Organizations Act ("RICO").

23. Count 14 of the Indictment charges Plaintiff with the offense of conspiracy to commit wire fraud, in violation of Title 19, United States Code, Sections 1343, 1349, and 3551 et seq.

24. Count 15 of the Indictment charges Plaintiff with the offense of wire fraud, in violation of Title 18, United States Code, Section 1343 and 2, and with aiding and abetting the offense described in this Count.

25. Count 16 of the Indictment charges Plaintiff with the offense of conspiracy to commit money laundering, in violation of Title 18, United State Code, Section 1956(h).

26. Count 17 of the Indictment charges Plaintiff with the offense of money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2, and with aiding and abetting the offense described in this Count.

27. On May 20, 2015, based upon these charges, a warrant was issued for Plaintiff's arrest in Kings County, New York.

28. On May 21, 2015, the United States Department of Justice and the United States District Court for the Eastern District of New York submitted a request for Plaintiff's provisional arrest to the Swiss Federal Office of Justice.

29. On June 29, 2015, the United States Department of Justice and the United States District Court for the Eastern District of New York submitted the Request For Extradition to the Swiss Federal Office of Justice.

## III. DEFENDANTS' DENIAL OF PLAINTIFF'S CLAIM FOR COVERAGE

30. On July 20, 2015, counsel for Plaintiff sent a letter to Defendants, enclosing the Indictment and Request For Extradition and requesting that Defendants pay costs incurred by Plaintiff in connection with fees charged by Plaintiff's United States, Swiss, and Costa Rican, counsel, in defending Plaintiff against the Indictment and Request For Extradition.

31. In the July 20, 2015 letter, counsel for Plaintiff stated that the Indictment and Request For Extradition accused Plaintiff of various illegal actions in connection with his position an officer of FIFA and/or a member of a FIFA standing committee and therefore triggered Defendants' obligation to pay the cost of Plaintiff's defense under the Policy.

32. On August 13, 2015, counsel for Defendants wrote a letter responding to the July 20, 2015 letter. In that August 13, 2015 letter, Defendants denied coverage for the Indictment and Request For Extradition and refused to pay Plaintiff's defense costs.

33. As set forth in that August 13, 2015 letter, Defendants contend that coverage for the Indictment and Request For Extradition is barred entirely by Exclusion 3.3.2 of the Policy.

34. Policy Exclusion 3.3.2 states in pertinent part "No cover shall be granted in respect of claims for **damages** in the USA which are based, in part on whole, on actual or alleged violations of the provisions of . . . Title IX of the Organized Crime Control Act of 1970 (known as the Racketeer Influenced and Corrupt Organizations Act or RICO) . . . " (emphasis added).

35. Neither the Indictment nor the Request For Extradition is a "claim for damages" within the meaning of Exclusion 3.3.2 of the Policy or applicable law.

36. The United States Government has not sought and does not seek "damages" from Plaintiff in connection with the Indictment or the Request For Extradition.

37. Policy Exclusion 3.3.2 does not bar coverage for the Indictment or Request For Extradition.

38. Counts 14, 15, 16, and 17 of the Indictment also do not fall within Policy Exclusion 3.3.2 because those counts are not "based, in part on whole, on actual or alleged violations of the provisions of . . . Title IX of the Organized Crime Control Act of 1970 (known as the Racketeer Influenced and Corrupt Organizations Act or RICO) . . . "

39. In its August 13, 2015 letter, counsel for Defendants further claimed to have reserved rights to assert inapplicable exclusions in the Policy, none of which bars coverage. For example:

      a. Defendants reserved rights to contend that Plaintiff does not qualify as an Insured Person. Plaintiff, however, qualifies as an Insured Person under the Policy because he was an officer, employee and/or member of FIFA, the Indictment alleges that Plaintiff committed wrongful acts while acting in a managerial or supervisory capacity of FIFA, and because the Indictment named Plaintiff as a co-defendant, along with one or more current or former presidents, vice-presidents or member of FIFA.

      b. Defendants reserved their rights to contend that coverage may be barred because of wrongful acts or related litigation prior to January 1, 2005. However, neither the Indictment nor the Request For Extradition alleges that Plaintiff committed any wrongful acts, breached any duty, or was involved in any related pattern of racketeering activity prior to January 1, 2005.

      c. Defendants reserved their rights to contend that coverage may be barred based on an exclusion in Policy Clause 3.1 for willful misconduct. However, this exclusion does not bar coverage for defense or investigation costs for the claims alleged in the Indictment and the Request for Extradition.

      d. Defendants reserved their rights to contend that Plaintiff's defense costs were not incurred in connection with an investigative proceeding. Pursuant to the Indictment, however, the United States government commenced an investigative proceeding into the affairs of FIFA and insured persons, including Plaintiff.

40. Defendants continue to refuse to pay any of Plaintiff's costs, including defense and investigation costs, incurred in connection with the Indictment and the Request For Extradition.

41. Defendants have breached their duties and obligations under the Policy by refusing to pay the amounts due thereunder.

7

42. It was a foreseeable consequence of Defendants' refusal to pay on a clearly covered claim that Plaintiff would have to incur attorneys' fees to secure the insurance coverage to which he is entitled.

## FIRST CAUSE OF ACTION

## AGAINST ALL DEFENDANTS FOR BREACH OF CONTRACT

43. Plaintiff repeats and realleges Paragraphs 1 through 42 of his Complaint as if fully set forth herein.

44. The Policy sold by Defendants provides Plaintiff with insurance coverage for defense and investigation costs incurred by Plaintiff in connection with the wrongful acts alleged in the Indictment and Request For Extradition.

45. Plaintiff constitutes an Insured Person under the terms of the Policy, and therefore falls within the coverage of the Policy.

46. Plaintiff has complied with all the conditions of the Policy, including the provision requiring timely notice of losses.

47. Defendants have failed or refused to honor their obligations under the Policy to provide coverage in connection with the Indictment and Request For Extradition.

48. As a direct, proximate, and legal result of Defendants' breaches of contract, which is continuing as of the date of this Complaint, Plaintiff is entitled to damages in the amounts of loss compensable under the Policy.

## SECOND CAUSE OF ACTION

## AGAINST ALL DEFENDANTS FOR DECLARATORY JUDGMENT

49. Plaintiff repeats and realleges Paragraphs 1 through 48 of his Complaint as if fully set forth herein.

50. This claim is asserted in accordance with the New York Declaratory Judgment Act, N.Y. C.P.L.R. § 3001.

51. Plaintiff is entitled to a declaration that, pursuant to the Policy: (i) Plaintiff constitutes an Insured Person; (ii) the Indictment and the Request For Extradition allege covered wrongful acts; (iii) Defendants must pay Plaintiff's defense and investigation costs in connection with the Indictment and Request For Extradition; (iv) coverage for Plaintiff's defense and investigation costs is not barred by Exclusion 3.3.2 of the Policy; and (v) Plaintiff has complied with all the terms of the Policy; and (vi) Defendants must defend Plaintiff and pay his defense and investigation costs, pursuant to Defendants' contractual obligations under the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

(1) As to the First Cause of Action, awarding Plaintiff's actual money damages in an amount to be determined at trial;

(2) As to the Second Cause of Action, awarding declaratory judgment in favor of Plaintiff and/or actual money damages in an amount to be determined at trial;

(3) As to all Causes of Action, awarding Plaintiff the attorneys' fees, costs and expenses he has incurred in prosecuting this action;

(4) As to all Causes of Action, awarding Plaintiff pre-judgment and post-judgment interest as provided by law; and

(5) As to all Causes of Action, granting such other and further relief as the Court deems just and proper.

9

## JURY TRIAL DEMANDED

Demand is hereby made for a trial by jury for all issues so triable.

Dated:   New York, New York
         September 24, 2015

                                          KASOWITZ BENSON TORRES
                                                & FRIEDMAN LLP

BY:   /s/ Robin Cohen
                                              Robin L. Cohen, Esq.
                                              (rcohen@kasowitz.com)
                                              Burt M. Garson, Esq.
                                              (bgarson@kasowitz.com)
                                              1633 Broadway
                                              New York, New York 10019
                                              Tel: (212) 506-1700

                                              *Attorneys for Plaintiff Eduardo Li*