

October 29, 2015

David S. Sheiffer
(212) 915-5318 (direct)
(212) 490-3000 (main)
David.Sheiffer@wilsonelser.com

**VIA ECF**
(Courtesy copy via Fed Ex; original filed by ECF)

Honorable Raymond J. Dearie, *U.S.D.J.*
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Eduardo Li v. Certain Underwriters at Lloyd's London, et al.**
            **Civil Action No. 15-cv-06099-RJD-JO**

Dear Judge Dearie:

In this insurance coverage dispute, we represent the Defendants, Certain Underwriters at Lloyd's London and AXIS Specialty Europe SE ("Defendants")[1]. Pursuant to Your Honor's Individual Motion Practices and Rules, the Defendants respectfully submit this letter and request a pre-motion conference on the Defendants' proposed Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(3), and more specifically 28 U.S. C. § 1406.

Initially, please also note that this action was removed from the Supreme Court of the State of New York, County of Kings to this Court on October 23, 2015. This letter application is, therefore, timely.

Overall, it is Defendants' considered view that this action should be dismissed because the insurance contract at issue includes a readily enforceable forum selection clause obligating the parties to resolve any dispute under Swiss law and jurisdiction. Traditional principals of forum non conveniens apply as well, as the only contact with the State of New York in this matter is that the criminal action against the Plaintiff is pending in this District. Yet, the Defendants are based in London, Federation Internationale de Football Association ("FIFA"), the Named Insured and owner of the policy is based in Switzerland where the policy was issued and where the parties agreed to resolve any dispute. The Plaintiff, in contrast, is a citizen of Costa Rica.

---

[1] Axis Specialty Europe is an improperly named defendant. Axis, through Lloyd's Syndicate No. 1686 subscribes to the Policy, not Axis Specialty.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia • Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

7075074v.1



## Background Facts and Underlying Action

On September 24, 2015, the Plaintiff's Complaint was filed in New York Supreme Court, Kings County (Index No. 511697/2015) naming as Defendants Certain Underwriters at Lloyd's London and AXIS Specialty Europe SE. This action was timely removed to this Court on October 23, 2015.

The complaint here asserts both a breach of contract and declaratory judgment action arising from Underwriters having denied coverage to the Plaintiff and others for a criminal action entitled *United States of America v. Jeffery Webb, et. al*, Civil Action No. 15 CR 0252 (RJD) (RED), as well as related extradition proceedings filed against the Plaintiff.

The underlying criminal action targets citizens of diverse nationalities, only two of which are American, arising from putative illegal acts as officers and board members of FIFA. As this Court is likely aware, both the indictment and pending criminal prosecution arise from the bribery scandal surrounding FIFA, including awarding the World Cup, soccer's preeminent internal event, to host nations.

In dispute in this action is Directors and Officers Insurance Policy No. B0901L14133180000 (the "Policy") issued by Underwriters to FIFA, as the Named Inured, and which is domiciled in Switzerland, where the policy was issued.

Given both that the disputed Policy includes a Swiss forum selection clause and the vast majority of witnesses are in Switzerland or the United Kingdom, the Defendants respectfully request leave to file a motion to dismiss based on the following grounds: (1) the Court should enforce the parties' agreed to forum selection clause, and (2) common law forum non-conveniens as the documents and potential witnesses with information as to the Policy are not in the United States and the Courts in Switzerland are an alternative forum for the coverage dispute.

## A Motion to Dismiss Based Upon the Parties Forum Selection Clause is Appropriate

The Policy at issue here provides for resolution of any dispute in Switzerland as Section 9 provides that: "[f]or any disputes arising under this insurance relationship, a Swiss place of Jurisdiction and the application of Swiss Law shall be deemed to be agreed." As such, the parties to the Policy agreed to "a Swiss place of Jurisdiction" as the controlling forum with respect to any dispute.

The Second Circuit has held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Starkey v. G Adventures, Inc.*, 796 F.3d 193, 196 (2d Cir. 2015). Not only did the, the Second Circuit in *Starkey* hold there is a presumption of enforceability of such contract provisions, *Id. at 198,* but that enforcement may be declined only under very limited circumstances:

> (1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court.



*Starkey v. G Adventures, Inc.*, 796 F.3d 193, 198 (2d Cir. N.Y. 2015). Here, because FIFA, one of the largest international sporting organizations was represented by a sophisticated broker there was obviously was no fraud or overreaching by Underwriters. Nor can there be any serious argument advanced that the laws of Switzerland are unfair. See *Medoil Corp. v. Citicorp*, 729 F. Supp. 1456 (S.D.N.Y. 1990) (enforcing forum selection clause in favor of Swiss jurisdiction as "Swiss Courts are a fair and reasonable forum for resolution of disputes") citing *Schertenleib v. Traum*, 589 F.2d 1156 (2d Cir. N.Y. 1978) (affirming dismissal pursuant forum non conveniens in favor of Swiss jurisdiction).

Considering Article III Courts have readily embraced the fairness of the Swiss judicial system, there is also no public policy concern presented here. The fact that the Plaintiff has readily available jurisdiction in Switzerland also negates any claim he will be denied his day in court.

Overall then because the disputed contract here includes an enforceable forum selection clause, and all critical documents and witness are in Switzerland and the U.K., it is respectfully submitted this Court grant permission for Defendants to file their application to dismiss the complaint for these reasons.

We thank the Court for its attention to this matter, and, of course, should there be any questions or concerns please do not hesitate to call.

Respectfully Submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

David S. Sheiffer

cc: All Parties via ECF

Robin Cohen, Esq.
Kasowitz Benson Torres & Freidman, LLP
Counsel for Plaintiff Edwardo Li
(via e-mail rcohen@kasowitz.com)

Margaret M. Murphy, Esq.
Jonathan Meer, Esq.