KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ROBIN L. COHEN
DIRECT DIAL: 212-506-1770
RCOHEN@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON, DC

November 5, 2015

**VIA ECF (Courtesy copy via hand delivery; original filed by ECF)**
Hon. Raymond J. Dearie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: **Eduardo Li v. Certain Underwriters at Lloyd's London, et. al.**
     **Civil Action No. 15-cv-06099-RJD**

Dear Judge Dearie:

  We are counsel for plaintiff Eduardo Li in this insurance coverage action, and write in response to the October 29, 2015 letter from counsel for Defendants. *See* Docket No. 8. That letter requested a pre-motion conference on Defendants' proposed motion to dismiss the Complaint based on a Swiss forum selection clause in the Directors and Officers Legal Liability Insurance Policy No. LI1413318 (the "Policy") issued by Defendants to Federation Internationale de Football Association ("FIFA"), under which Mr. Li is an additional insured with respect to the underlying action pending against him in this Court, *United States of America v. Jeffrey Webb, et. al.*, No. 15 CR 0252 (RJD).

  Contrary to Defendants' contention, the Swiss forum selection clause is unenforceable against Mr. Li, because, as an additional insured, rather than the named policyholder, he never agreed to the selection of a Swiss forum. Neither are Defendants entitled to dismissal on the basis of ordinary *forum non conveniens* principles.

  Defendants' letter cites to no case enforcing an insurance policy's foreign forum selection clause against an additional insured – and, indeed, no case involving an insurance coverage action. To the contrary, in the only case that research has disclosed dealing with the issue of whether a foreign forum selection clause may bind an additional insured who is not a named policyholder and did not expressly subscribe to that clause, *Baxter International Inc. v. AXA Versicherung AG*, 908 F. Supp. 2d 920 (N.D. Ill. 2012), the United States District Court for the Northern District of Illinois held that an insurance policy's forum selection clause selecting Cologne, Germany could not be "enforced against an insured who was not a party to the insurance contract . . . [and] [t]herefore, the forum selection clause here is unenforceable against plaintiff." *Id.* at 925. In reaching that conclusion, the *Baxter* court relied on the 2005 European

Court of Justice ("ECJ") decision, *Société Financière et Industrielle du Peloux v. Axa Belgium, et al.*, Case C–112/03, E.C.R. I–3707 (2005) ("*SFIP*"), which held that a forum selection clause could not be enforced against an insured other than the named policyholder that actually agreed to the insurance contract and the forum selection clause at issue. *Baxter*, 908 F. Supp. 2d at 924-25. Similarly, here, although the Swiss forum selection clause might apply to bar the named policyholder, FIFA, from filing suit in New York, it does not bar this coverage action brought by Mr. Li who, although an insured person, was not the policyholder to whom the Policy was issued and never agreed to the clause.

Both *Baxter* and *SFIP* are in full accord with the longstanding recognition in the Second Circuit that a plaintiff may not be deprived of its choice of forum absent a clear and unambiguous waiver of that choice, and as such, courts have rejected attempts to enforce a forum selection clause against a non-signatory party where the "clause's existence was never communicated to it, nor did [the non-signatory party] ever consent to be bound." *Twin City Fire Ins. Co. v. Harel Ins. Co.*, No. 10 Cv. 07842(BSJ)(GWG), 2011 WL 3480948, at *3 (S.D.N.Y. Aug. 5, 2011); *see also Danaher Corp. v. Travelers Indem. Co.*, No. 10-CV-121 (JPO), 2014 WL 7008938, at *9 (S.D.N.Y. Dec. 12, 2014) (declining to enforce arbitration provision against non-signatory).

Nor are Defendants entitled to dismissal of this action on the ground of common law *forum non conveniens*. As the Second Circuit held in *Iragorri v. United Technologies Corp.*, 274 F.3d 65 (2d Cir. 2001), "a court reviewing a motion to dismiss for *forum non conveniens* should begin with the assumption that the plaintiff's choice of forum will stand" unless the defendant meets the burden of demonstrating, *inter alia*, that "trial in the chosen forum would be unnecessarily burdensome for the defendant or the court." *Id.* at 71 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 n.23 (1981)). *See also In re Cinar Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 296-97, 301-02 (E.D.N.Y. 2002) (Dearie, J.) (denying *forum non conveniens* motion by defendants Canadian corporation and officers and directors where they failed to overcome presumption and show that weight of factors pointed in their favor).

Here, Defendants cannot overcome this presumption. Mr. Li brought this insurance coverage action in New York state court, in the very county where the underlying indictment was filed, the extradition request was issued, and the underlying criminal action will be heard. Courts in the Second Circuit typically deny motions to dismiss on *forum non conveniens* grounds where the underlying or related dispute arises in New York. *See, e.g., In re Lloyd's Am. Trust Fund Litig.*, 954 F. Supp. 656, 674-75 (S.D.N.Y. 1997) (rejecting Citibank's motion to dismiss for *forum non conveniens* in favor of the United Kingdom instead of New York, even though United Kingdom provided an adequate alternative forum, because New York was the site of the trust property at issue related to plaintiffs' accounting claims and because plaintiffs, representatives of Lloyd's underwriting syndicates, "unequivocally" preferred a New York forum); *Moskowitz v. La Suisse, Societe D'Assurances sur la Vie*, 282 F.R.D. 54, 61, 70 (S.D.N.Y. 2012) (foreign insurer's third-party RICO claims against nonresident broker should not be transferred to Switzerland on *forum non conveniens* grounds; there was substantial connection between insurer's RICO claims against broker and the main action involving New York policyholders' class action lawsuit against insurer brought in New York).

2

That is particularly true here, as the underlying action at issue will not merely be heard in this jurisdiction, but by the very judge and Court to which Defendants have removed this action. This Court will thus have a unique familiarity with the underlying issues that Defendants claim may relate to Mr. Li's right to coverage. For example, Defendants have raised the Policy's willful misconduct exclusion to the extent that there is a conclusive and final decision made by this Court in the criminal action that Mr. Li directly acted in willful breach of his duty with wrongful intent, which is required under the Policy. Therefore, the events that transpire in the criminal case and rulings by this Court could have a direct bearing on the application of that exclusion.

Nor are Defendants entitled to dismissal on *forum non conveniens* grounds based on the mere fact that "[t]he underlying criminal action targets citizens of diverse nationalities." Defendants' letter at 2. Courts will not dismiss an action on *forum non conveniens* grounds merely because evidence is scattered around the world. *See, e.g.*, *Nat'l Union Fire. Ins. Co. of Pittsburgh, Pa. v. BP Amoco P.L.C.*, No. 03 Civ. 0200(GEL), 2003 WL 21180421, at *5, *10 (S.D.N.Y. May 20, 2003). Here, however, the evidence and witnesses will be centered in New York. Switzerland's Federal Office of Justice has represented that "most of the evidence and witnesses are also located in the USA." Switzerland has agreed to extradite the defendants in the underlying action to face criminal proceedings in New York. Of the seven defendants arrested in Switzerland, two already have been extradited to New York. Switzerland has also agreed to extradite the other five defendants, including Mr. Li, to the United States to face trial in New York, although those determinations are under appeal.

Finally, by issuing the Policy which agrees to insure "Insured Persons" "world-wide" without excluding the United States or New York, Defendants should have reasonably anticipated the likelihood that a claim could be made against insured persons in New York. Indeed, Defendants cannot credibly claim that maintaining this lawsuit in New York is either inconvenient or unfair as they frequently bring lawsuits against their policyholders and others in New York. *See, e.g.*, *QBE Ins. Corp. v. Pub. Serv. Mut. Ins. Co.*, 102 A.D.3d 442 (1st Dep't 2013); *Starr Indem. & Liab. Co. v. Am. Claims Mgmt., Inc.*, No. 13 Civ. 742(DLC), 2014 WL 1378127 (S.D.N.Y. Apr. 8, 2014); *Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, No. 14-CV-04717(FB)(CLP), 2015 WL 1182764 (E.D.N.Y. Mar. 13, 2015).

Accordingly, this action should not be dismissed. We thank the Court in advance for its consideration.

Respectfully submitted,

Robin L. Cohen

cc: All counsel via ECF
David S. Sheiffer, Esq. (via email)