# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ROBIN L. COHEN
DIRECT DIAL: 212-506-1770
RCOHEN@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

December 2, 2015

**VIA ECF (Courtesy copy via hand delivery; original filed by ECF)**
Hon. Raymond J. Dearie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   **Eduardo Li v. Certain Underwriters at Lloyd's London, et. al.**
> **Civil Action No. 15-cv-06099-RJD**

Dear Judge Dearie:

We are attorneys for plaintiff, Eduardo Li, in this insurance coverage action. We write in response to the December 1, 2015 letter from counsel for defendants, Certain Underwriters at Lloyd's, London, and Axis Specialty Europe SE ("Defendants"), "advising" the Court that, though neither party has moved to remand this case to New York state court, there "may" be a question as to whether diversity jurisdiction exists in this action. Defendants do not suggest or seek any action by the Court to resolve that issue and apparently believe that having "alerted" the Court to a potential jurisdictional question, they can allow it to lie unresolved while the parties continue to expend time and money litigating the substantive issues.

Mr. Li respectfully submits that Defendants should not be permitted to play games with this Court's jurisdiction and thereby threaten to undermine the Court's enforcement of their policy obligation to pay Mr. Li's defense and investigation expenses. Accordingly, he requests that the Court immediately resolve any potential jurisdictional issue by agreeing to exercise supplemental jurisdiction and thus permit Mr. Li to join this action with the underlying criminal action against him, which is already pending before this Court.

That speedy resolution of the issues posed – but not addressed – in Defendants' letter is necessary to prevent further prejudice to Mr. Li. More than two months ago, on September 24, 2015, Mr. Li properly filed this insurance coverage action in the Supreme Court of the State of New York, County of Kings, seeking *inter alia* his costs in defending against an underlying indictment and related extradition proceeding against him, pending in this Court, *United States of America v. Jeffrey Webb, et. al.*, No. 15 CR 0252 (RJD). On October 23, 2015, Defendants removed Mr. Li's state court action to this Court, and Your Honor was assigned to hear this insurance coverage action, in addition to the underlying criminal action.

Subsequently, on November 17, 2015, Mr. Li filed a motion for a preliminary injunction requiring Defendants to immediately pay his defense costs. Pursuant to a briefing schedule set by this Court, Defendants' opposition to that motion is due December 4, 2015, and Mr. Li's reply is due December 15, 2015. The Court has scheduled oral argument on Mr. Li's motion for December 21, 2015.[1]

As set forth in Mr. Li's motion, Defendants' failure to pay Mr. Li's defense and investigation costs presents Mr. Li with the threat of immediate and irreparable harm. Mr. Li faces a complex, high-profile criminal investigation with an international scope. The Indictment pleads forty-seven counts against fourteen defendants and involves dozens of witnesses. This is not a run-of-the-mill criminal case (though denial of defense costs in even such a "garden variety" criminal action would threaten the accused with irreparable harm). The United States Attorney's Office for the Eastern District of New York, along with the Federal Bureau of Investigation and the Internal Revenue Service, Criminal Investigation Division, have been investigating this matter for the past five years. The alleged crimes being investigated and prosecuted are complex and involve allegations of widespread racketeering, wire fraud and money laundering. Further, the allegations against Mr. Li have been widely publicized both in the United States and abroad, causing serious damage to Mr. Li's reputation and his ability to defend himself. As such, Mr. Li's inability to obtain immediate payment of his costs in defending the Underlying Action is not a harm that can be remediated by a later award of damages from the Defendants.

In short, time is of the essence, and Mr. Li has already been prejudiced by his loss while Defendants engaged in a removal to this Court. The exercise of supplemental jurisdiction would prevent further prejudice to Mr. Li, while imposing no prejudice on Defendants, whose decision to remove the case has given rise to the issues "identified" in Defendants' letter. Such a course of action also would be consistent with authority in the Second Circuit allowing courts, in their discretion, to exercise supplemental jurisdiction over civil matters that are related to criminal cases over which they enjoy original jurisdiction. *See Sash v. Schwartz*, No. 04-cv-9634, 2007 WL 30042 (S.D.N.Y. Jan. 4, 2007) (exercising supplemental jurisdiction over criminal defendant's malpractice claim against his former attorney); *Fermin v. Moriarty*, No. 96-cv-3022, 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003) (recognizing that court could exercise ancillary jurisdiction over legal malpractice case based on defendant attorney's representation of plaintiff in prior federal criminal case, but declining to do so); *United States v. Weissman*, No. 94-cr-760, 1997 WL 334966 (S.D.N.Y. June 16, 1997) (holding that court could and would exercise ancillary jurisdiction over claim by former employee against former employer for reimbursement of legal fees and costs incurred in employee's defense of prior federal criminal case).

Although the Second Circuit declined to exercise supplemental jurisdiction in *Stein v. KPMG, LLP*, 486 F.3d 753 (2d Cir. 2007) based on the facts at issue in that case, it further explained that: "when a non-party to the primary proceeding is sought to be joined as a defendant

---

[1] A pre-motion conference on Defendants' proposed motion to dismiss has also been scheduled for December 21, 2015.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

in the ancillary proceeding, the need for the ancillary proceeding and the efficiencies provided by it must be both sufficiently great to outweigh the prejudice to the non-party and to be consistent with the limited jurisdiction of federal courts." 486 F.3d at 760–61. Here, those efficiencies are sufficiently great to support this Court's exercise of supplemental jurisdiction over Defendants. Mr. Li has already endured one disruption of his properly-filed coverage action when Defendants improvidently removed the action to this Court. Whether that disruption was by negligence or design, Defendants should not rewarded for their actions by yet further delaying resolution of their obligation to pay Mr. Li's defense and investigation expenses which Mr. Li requires to defend the underlying criminal proceeding in this Court.

Accordingly, for the reasons set forth above, this insurance coverage action should not be remanded but rather should be consolidated with the criminal action against Mr. Li which has been brought before this Court. Alternatively, should this action be remanded, at the very least, Mr. Li should be awarded his attorneys' fees incurred in connection with Defendants' removal and the subsequent remand to state court. We thank the Court in advance for its consideration.

Respectfully submitted,

Robin L. Cohen

cc:     All counsel via ECF
        Magistrate Judge Orenstein