## KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON, DC

ROBIN L. COHEN
DIRECT DIAL: 212-506-1770
RCOHEN@KASOWITZ.COM

December 29, 2015

**VIA ECF (Courtesy copy via hand delivery; original filed by ECF)**
Hon. Raymond J. Dearie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Eduardo Li v. Certain Underwriters at Lloyd's London, et. al.**
      **Civil Action No. 15-cv-06099-RJD**

Dear Judge Dearie:

As attorneys for plaintiff, Eduardo Li in this insurance coverage action, we write in response to the December 23, 2015 letter from counsel for defendants, Certain Underwriters at Lloyd's London and Axis Europe, S.A ("Defendants") objecting to the supplemental declaration of Samuel Rosenthal, Esq., criminal defense counsel for Mr. Li.

Defendants' objection to Mr. Rosenthal's declaration has no merit. In the sole unpublished case cited by Defendants, *Mugno v. Societe Internationale de Telecomms. Aeronautiques, Ltd.*, 2007 U.S. Dist. LEXIS 6573 (E.D.N.Y. Jan. 30, 2007), the court struck an attorney declaration because it was not signed "under penalty of perjury" and contained no actual or electronic signature. Here, by contrast, Mr. Rosenthal signed his declaration which states expressly that he is submitting it "under penalty of perjury." Rosenthal Decl., ¶ 9. Mr. Rosenthal's declaration also properly states that it was made upon his knowledge, information, and belief which Mr. Rosenthal gathered in determining what assets were available for Mr. Li to post bail and pay for his defense costs in the underlying criminal action. *Id.* at ¶ 4-9.

Further, we respectfully submit that Defendants should not be granted leave to submit their new proposed declaration from their Swiss counsel opining on substantive Swiss law. Defendants' attempt to use Mr. Rosenthal's declaration as a springboard to submit their declaration should be rejected as Defendants' proposed declaration has nothing to do with the subject of Mr. Rosenthal's declaration, which concerns Mr. Li's lack of ability to pay defense costs, not Swiss law. Notably, Defendants have not challenged in any way Mr. Li's right to submit the December 11, 2015 Declaration of Ronald A. Brand, Mr. Li's expert on foreign law. Indeed, it is well established that foreign law is to be established by expert testimony (*see Bigio v. Coca–Cola Co.*, No. 97 CIV. 2858, 2010 WL 3377503, at *4 (S.D.N.Y. Aug. 23, 2010), *aff'd*,

675 F.3d 163 (2d Cir. 2012)), a fact of which Defendants clearly were aware when they elected not to submit such testimony with their opposition to Mr. Li's motion. Had they not made that choice, Mr. Li could have addressed any arguments raised in any such submission in the reply to which the rules entitled him. Accordingly, in the event the Court decides to grant Defendants leave to make such a supplemental submission, Mr. Li respectfully submits that he should be afforded the right to reply to that submission to which the rules would have entitled him.

We thank the Court in advance for its consideration.

Respectfully submitted,

Robin L. Cohen

cc:     All counsel via ECF
        Magistrate Judge Orenstein