UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

EDUARDO LI,

                Plaintiff,

-against-

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, AXIS SPECIALTY EUROPE SE,

                Defendant.

**DEFENDANTS' ANSWER TO THE COMPLAINT**

No.: 15-cv-06099-RJD-JO

----------------------------------------------------------------- X

Defendants CERTAIN UNDERWRITERS AT LLOYD'S LONDON and AXIS SPECIALTY EUROPE SE ("Defendants"), by their attorneys, CLYDE & CO US LLP, as and for their Answer to Plaintiff's Complaint ("Complaint"), state as follows:

## PRELIMINARY STATEMENT

1. Defendants admit that Plaintiff brings a breach of contract and declaratory judgment action against them, and refer all questions of law to the Court. Defendants deny that Plaintiff is entitled to any relief and otherwise deny the allegations of paragraph 1.

2. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Defendants admit that Certain Underwriters at Lloyd's, London subscribed to Directors and Officers Insurance Policy No. LI1413318 (the "Policy") issued in favor of the Fédération Internationale de Football Association ("FIFA"), as the Named Insured, for the effective period of December 30, 2014 to December 30, 2015, and refer the Court to the terms and conditions of the Policy. Defendants otherwise deny the allegations of paragraph 3.

4. Defendants deny the allegations of paragraph 4.

5. Defendants admit that Plaintiff seeks declaratory relief but deny that Plaintiff is entitled to any such relief and otherwise deny the allegations of paragraph 5.

## PARTIES

6. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Defendants admit that the Policy was subscribed to by Brit Syndicate No. 2987, QBE Syndicate No. 1886, Axis Syndicate No. 1686, Starr Financial Lines Consortium No. 9885, and Nexus Consortium No. 9860, and deny the remaining allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

## JURISDICTION AND VENUE

9. Defendants admit to having done business in the state of New York, and otherwise deny the allegations of paragraph 9.

10. Defendants admit that their principal places of business are not in the state of New York, and otherwise deny the allegations of paragraph 10.

## FACTUAL ALLEGATIONS

### I. THE POLICY

11. Defendants admit that Certain Underwriters at Lloyd's issued the Policy to FIFA, and refer the Court to the terms and conditions of the Policy. Defendants otherwise deny the allegations of paragraph 11.

12. The allegations of paragraph 12 call for the interpretation of a contract of insurance and require a legal conclusion. Defendants refer any and all questions of law to the court.

13. The allegations of paragraph 13 call for the interpretation of a contract of

insurance and require a legal conclusion. Defendants refer any and all questions of law to the court.

14. Defendants deny the allegations of paragraph 14 and refer the court to the terms and conditions of the Policy.

15. Defendants deny the allegations of paragraph 15 and refer the court to the terms and conditions of the Policy.

16. Defendants deny the allegations of paragraph 16 and refer the court to the terms and conditions of the Policy.

17. Defendants deny the allegations of paragraph 17 and refer the court to the terms and conditions of the Policy.

## II. THE INDICTMENT AND REQUEST FOR EXTRADITION

18. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

### III. DEFENDANTS' DENIAL OF PLAINTIFF'S CLAIM FOR COVERAGE

30. Defendants admit that Swiss counsel to the Syndicate subscribers of the Policy received a letter respecting Eduardo Li's coverage under the Policy dated July 20, 2015, and otherwise deny the allegations of paragraph 30.

31. Defendants admit that Swiss counsel to the Syndicate subscribers of the Policy received a letter respecting Eduardo Li's coverage under the Policy dated July 20, 2015, and otherwise deny the allegations of paragraph 31.

32. Defendants admit that Swiss counsel to the Syndicate subscribers of the Policy addressed the application of the Policy with respect to Eduardo Li in a letter dated August 13, 2015, and otherwise deny the allegations of paragraph 32.

33. Defendants admit that the August 13, 2015 letter stated that Plaintiff's request for

coverage was barred by Exclusion 3.3.2 of the Policy, and otherwise deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34, deny that paragraph 34 accurately quotes the Policy, and refer the Court to the terms and conditions of the Policy.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants admit that Swiss counsel to the Syndicate subscribers of the Policy addressed the application of the Policy with respect to Eduardo Li, and reserved the subscribing insurers' rights with respect to coverage, in a letter dated August 13, 2015, and otherwise deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

## FIRST CAUSE OF ACTION

## AGAINST ALL DEFENDANTS FOR BREACH OF CONTRACT

43. Defendants incorporate and adopt by reference the preceding responses of their Answers to paragraphs 1 through 42 of the Complaint.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

## SECOND CAUSE OF ACTION

## AGAINST ALL DEFENDANTS FOR DECLARATORY JUDGMENT

49. Defendants incorporate and adopt by reference the preceding responses of their Answers to paragraphs 1 through 48 of the Complaint.

50. Defendants admit that Plaintiff purports to bring a claim under the New York Declaratory Judgment Act, CPLR § 3001, but deny that any such claim lies, and otherwise deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

## PRAYER FOR RELIEF

Defendants deny Plaintiff's requests for relief, including all subsections (1) through (5).

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction to hear Plaintiff's claims.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, unclean hands, and laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That the injury claimed by Plaintiff was caused in whole or in part by the culpable conduct and/or contributory negligence of the Plaintiff, which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct and/or contributory negligence of the Plaintiff bears to the total responsibility for the occurrence.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Any injuries or damages were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which the answering Defendants have no control or right to exercise such control.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Complete relief cannot be accorded among those already parties to this action and in the alternative, the disposition of this action without the presence of additional, unnamed persons may result in Defendants being subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

If the Plaintiff has sustained any damages as alleged, which damages are expressly denied, such damages were not proximately caused by any act or omission of the Defendant.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Any award made to Plaintiff for the alleged injuries must be reduced in such proportion that the alleged injuries were caused, aggravated and contributed to by Plaintiff's failure to mitigate damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Answering Defendants are informed and believe, and on such information and belief allege, that the Policy at issue imposed on Plaintiff the duty of good faith and fair dealing

between them. Plaintiff has engaged in acts, omissions and conduct, which constitute a breach of that duty, which prevented the answering Defendants from performing their alleged obligations, if any, under the Policy.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that the answering Defendants have, to the extent applicable, fully performed all obligations allegedly required, if any, under the terms of the Policy.

## ADDITIONAL DEFENSES

## AS AND FOR A FIRST DEFENSE

This Court lacks jurisdiction over, and is the inappropriate forum for, the Complaint, pursuant to the Swiss choice of law and choice of forum clauses in Section 9 of the Policy.

## AS AND FOR A SECOND DEFENSE

Plaintiff is not entitled to coverage under the Policy as Plaintiff does not qualify as an "Insured Person" as defined in Section 1.3 of the Policy.

## AS AND FOR A THIRD DEFENSE

Plaintiff does not have any entitlement to defense costs under the Policy as the indictment by the Grand Jury for the Eastern District of New York is not an "investigative proceeding" under Section 2.4 of the Policy.

## AS AND FOR A FOURTH DEFENSE

Plaintiff is not entitled to coverage of his extradition costs under the Policy as the Extradition Costs Extension in Section 1.10 of the Policy is not applicable.

## AS AND FOR A FIFTH DEFENSE

Plaintiff is not entitled to coverage under the Policy based upon the exclusions for

breaches of duty committed prior to January 1, 2005 and pending or prior litigation commenced before January 1, 2005, pursuant to Section 1.1 of the Policy.

## AS AND FOR A SIXTH DEFENSE

Plaintiff is not entitled to coverage under the Policy based upon the exclusion for willful misconduct pursuant to Section 3.1 of the Policy.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff is not entitled to coverage under the Policy pursuant to the exclusions set forth in Section 3.3.2 of the Policy.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff is not entitled to coverage under the Policy pursuant to the exclusion of coverage for losses and claims relating to the bankruptcy of the ISL Group under Section 3.6 of the Policy.

## AS AND FOR A NINTH DEFENSE

Plaintiff has erroneously named as a defendant AXIS Specialty Europe SE, which did not subscribe to the Policy at issue. The proper party to this case is AXIS Syndicate 1686, which subscribed to the Policy.

Defendants reserve their right to amend its Answer to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Defendant prays for judgment as follows:

(a) That plaintiff takes nothing by way of his Complaint and that each cause of action against the Defendants be dismissed;

(b) For attorney fees', costs and disbursements;

(c) For costs of suit incurred herein; and

(d) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants hereby demand and request a trial by jury on all issues so triable.

Dated: New York, New York
May 25, 2016

Respectfully submitted,

**CLYDE & CO US LLP**

By: /s/ *Michael A. Knoerzer*

Michael A. Knoerzer
Attorney for Defendants
The Chrysler Building
405 Lexington Avenue
New York, New York 10174