```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
EDUARDO LI,                                             :
                                                        :   INDEX NO. 15 CV 06099 (RJD) (JO)
                Plaintiff,                              :
                                                        :
        -against-                                       :
                                                        :
CERTAIN UNDERWRITERS AT                                 :
LLOYD'S , LONDON, AXIS SPECIALTY                        :
EUROPE SE,                                              :
                                                        :
                Defendant.                              :
                                                        X
-------------------------------------------------------
```

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S APRIL 27, 2016 ORDER**

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, Mr. Li respectfully opposes Defendants' Motion for Reconsideration of the April 27, 2016 Order (the Order) finding ancillary jurisdiction over Mr. Li's claim.

### LEGAL STANDARD ON THIS MOTION

Defendants correctly state the legal standard they must meet in order to succeed under Federal Rule of Civil Procedure 59(c) and Local Rule 6.3. A motion under either rule should be granted only when "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. " *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). But having cited that standard, defendants fail to honor it, as no "controlling decision" is identified, and no data is offered to the Court warranting reconsideration.

Generally, there are "three grounds for reconsideration: (1) an intervening change in the law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error or prevent manifest injustice." *In re Zyprexa Prods. Liability Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009) (Weinstein, J.) (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). None of these grounds are presented here.

## **ARGUMENT**

Defendants fail to demonstrate that the Order was clearly wrong in concluding that ancillary jurisdiction existed to order Defendants to "immediately reimburse and advance to Li his legal costs." *Li v. Certain Underwriters at Lloyd's*, 2016 U.S. Dist. LEXIS 56336 at 37 (E.D.N.Y. Apr. 27, 2016). Defendants' disagreement with this Court's conclusion does not satisfy the strict standard they must meet to succeed on a motion for reconsideration.

This Court carefully analyzed applicable Supreme Court and Second Circuit precedent and provided detailed reasons for its interpretations of those decisions. Defendants accept that this Court properly relied on *Kokkomen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), and they do not dispute this Court's reliance on *Stein v. KPMG, LLP*, 486 F.3d 753 (2d Cir. 2007). Defendants present no binding precedent from the Supreme Court or the Second Circuit on facts that match the instant case. Defendants simply disagree with this Court's interpretation of *Kokkomen* and *Stein*, which is a far cry from clear error.

Moreover, Defendants' discussion of the sparse, but nonbinding, precedent in the area of ancillary jurisdiction to order insurance coverage of attorney's fees does not raise the specter of clear error. Defendants fail not only to cite a single circuit decision, much less one from the Second Circuit, but also to even cite another district court opinion in this jurisdiction. Indeed, none of the three decisions cited by Defendants shows error, let alone clear error. First, *United*

*States v. Weissman*, No. S2 94-CR-760 (CSH), 1997 U.S. Dist. LEXIS 8540, 1997 WL 334966, at *7 (S.D.N.Y. Jun. 16, 1997) supports the Court's decision in this matter. And this Court so noted in its Order. *Li* at 9.

Second, Defendants incorrectly characterize Weissman as "heavily criticized" by *United States v. Yates*, 2016 U.S. Dist LEXIS 844 (D. Or. Jan. 4, 2016). Defendants' Motion at 4 n. 1. Rather, the District Court in *Yates* said it did "not find *Weissman* to be persuasive *here*." *Id.* at 12 (emphasis added). Distinguishing *Yates* from instant matter is that "Yates is currently having her legal expenses paid under the . . . insurance coverage." *Id.* at 14. Therefore, the need for an ancillary proceeding was "speculative." *Id. a*t 19. Further, the *Yates* court hesitated to exercise ancillary jurisdiction because "the bank would be drawn into a forum with a different procedural framework" than a state court action. *Id.* at 20. Those facts are far different from what this Court found to be the "compelling practical considerations [that] counsel against dismissal" in the instance case. *Li* at 26-27. Of course, there is lack of reimbursement for Mr. Li's legal expenses. Moreover, as this Court found, Defendants in the instant matter are "*already parties before the Court* – indeed they came of their own volition." *Id.* at 13 (emphasis in original).

Although it is more critical of Weissman, *United States v. Polishan*, 19 F. Supp. 2d 327 (M.D. Pa. 1998), does not require this Court to reconsider its Order because of the crucial factual difference between *Polishan* and the instant matter. The District Court in *Polishan* stated that one of the factors that would be important to determining ancillary jurisdiction is "the presence of parties to a fee dispute." *Id.* at 18-19. Because that factor is satisfied in the instant matter, *Polishan* may actually be viewed as additional support for the Order. In any event, it does create the expectation that this Court should reverse its Order.

## **CONCLUSION**

Defendants fail to show that the Order is wrong, let alone clear error. No precedent is directly contrary to the Order and factors are present in the instant matter that other District Courts considered as bases for the ancillary jurisdiction. The motion for reconsideration should be denied.

May 31, 2016                                    Respectfully submitted,

                                                By:  *Karen Courtheoux*
                                                     One of the Attorneys for Plaintiff,
                                                     Eduardo Li

Karen Courtheoux
Kcourtheoux@dykema.com
Jonathan Feld  *pro hac pending*
jfeld@dykema.com
Rosa M. Tumialán  *pro hac pending*
rtumialan@dykema.com
DYKEMA GOSSETT PLLC
10 S. Wacker Drive
Suite 2300
Chicago, IL  60606
Telephone:  (312) 876-1700
Facsimile:  (312) 876-1155

## CERTIFICATE OF SERVICE

I hereby certify that, on May 31, 2016, I electronically filed Plaintiff's Memorandum in Opposition to Defendants' Motion for Reconsideration of this Court's April 27, 2016 Order with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to counsel of record.

Respectfully submitted,

s/*Karen Courtheoux*
