UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
EDUARDO LI,

       Plaintiff,       **MEMORANDUM & ORDER**

     - against -        15 CV 6099 (RJD) (JO)

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON, AXIS SPECIALTY EUROPE SE,

       Defendants.
----------------------------------------------------------- x

DEARIE, District Judge

  By Memorandum and Order dated April 27, 2016 ("Order"), this Court granted plaintiff's motion for a preliminary injunction. Defendants now move for reconsideration of the portion of the Order that found ancillary jurisdiction, arguing that the Court overlooked "important" case law and "failed to apply the correct standard for finding ancillary jurisdiction." Def.'s Br. 1. For the following reasons, the motion is denied.

  Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 of the Southern and Eastern Districts of New York. See generally United States v. James, No. 02 CV 0778 (SJ), 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., 628 F. App'x 793, 796 (2d Cir. 2015). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

Reconsideration is not warranted because defendants point to no controlling legal decisions or relevant factual matters overlooked by the Court. Instead, they seek to take the prohibited "second bite at the apple" by arguing merely that the Court misinterpreted certain case law.

Defendants press a separate policy issue, contending that as a result of this Court's decision, "[d]isputes regarding any contract containing a provision triggered by a party's criminal conviction would face the risk of being subject to the criminal court's ancillary jurisdiction." Def.'s Br. 4. Defendants, however, are needlessly alarmed because they overlook the protection afforded to a non-party to the original proceeding under Stein v. KPMG, LLP, 486 F.3d 753 (2d Cir. 2007),[1] as discussed by the Court in the Order on page 8. Defendants have also overlooked the unusual factual and procedural circumstances of this case warranting the exercise of ancillary jurisdiction, including the fact that the defendants came to this Court of their own volition, that the dispute arises at a critical time for both the defendant and the Court in the midst of a complex, multi-defendant trial, and the significant factual overlap between the criminal and civil actions.

---

[1] "[W]hen a non-party to the primary proceeding is sought to be joined as a defendant in the ancillary proceeding, the need for the ancillary proceeding and the efficiencies provided by it must be both sufficiently great to outweigh the prejudice to the non-party and to be consistent with the limited jurisdiction of federal courts." Stein v. KPMG, LLP, 486 F.3d 753, 760-61 (2d Cir. 2007)

For all of the foregoing reasons, defendants' motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
August 18, 2016

s/ RJD

RAYMOND J. DEARIE
United States District Judge